# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2021

Lyle W. Cayce
Clerk

No. 21-50007
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Alonzo Oyuela-Baquedano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-383-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Luis Alonzo Oyuela-Baquedano was sentenced to 16 months of imprisonment and three years of supervised release following his guilty plea conviction of illegal reentry after removal, in violation of 8 U.S.C. § 1326. Raising one issue on appeal, Oyuela-Baquedano argues that the recidivism

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50007

enhancement under § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent decisions because the statute provides for a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. But for the enhancement, his term of supervised release could not have exceeded one year. *See* § 1326(a); 18 U.S.C. § 3559, 3583(e). Oyuela-Baquedano concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but he seeks to preserve the issue for further review.

The Government has filed an unopposed motion for summary affirmance or, in the alternative, an extension of time to file a brief. As the Government argues, and Oyuela-Baquedano concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*, 523 U.S. at 226-27. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.